UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MATTHEW LUCAS AYOTTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00272-JAW |
| | ) | 1:11-cr-00156-JAW |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ON PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

Defendant/Petitioner Matthew Lucas Ayotte ("Petitioner"), who pled guilty to a charge of possession of a firearm and ammunition by a felon, has filed a motion pursuant to 28 U.S.C. § 2255, through which motion he argues that his sentence of 10 years must be corrected in light of the Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that sentence enhancements based on the residual clause of the Armed Career Criminal Act violate due process, overruling *Sykes v. United States*, 131 S. Ct. 2267, 2277 (2011)). *Mot. to Vacate, Set Aside or Correct Sentence* (ECF No. 116).

The Government filed a response in which it conceded that *Johnson* should be applied retroactively, that two of Petitioner's predicate convictions were counted in the Court's Armed Career Criminal analysis solely because of the ACCA residual clause, and that, but for these predicate convictions, Petitioner would not have qualified as an Armed Career Criminal and would have received a substantially reduced sentence. *Government's Response to Petitioner's Mot. Pursuant to 28 U.S.C.*

*§ 2255 and Concurrence in Petitioner's Request for Vacatur of his Sentence and Imposition of a Reduced Term and Amended Judgment*, at 3 – 4 (ECF No. 126) ("*Gov't's Response*").  The Government agrees with Petitioner that he has already served more time than a non-ACCA sentence would require,[1] waives any procedural defenses that it might have, and recommends that the Court vacate the 120-month sentence and impose a 58-month sentence of imprisonment, to be followed by a three-year period of supervised release.[2]  *Id.* at 5.

In reply, Petitioner agrees with the Government's guideline analysis and joins in its recommendation for vacatur of his sentence and for the imposition of a new sentence of 58 months imprisonment with three years of supervised release. *Defendant's Reply to Government's Response* at 1 – 2 (ECF No. 127).  Although 58 months is more than the applicable advisory guideline range, Petitioner is hopeful that a joint agreement will streamline the process and lead to his release.  *Id.* at 2.  To this end, Petitioner waived his right to be present for resentencing.  *Id.*; *see also Waiver*, *Reply Ex. 1* (ECF No. 127-1).

---

[1] Per the Government's report, Petitioner has served approximately 51 months and has earned 216 days of good-conduct time. *Gov't's Response* at 5.  Petitioner was taken into custody sometime following the issuance of a warrant on April 8, 2011. *Arrest Warrant* (ECF No. 4). The Government moved for Petitioner's detention on April 28, 2011, and the Court held a detention hearing on May 4, 2011. *Mot. for Detention* (ECF No. 9); *Minute Entry* (ECF No. 15).  Petitioner was released on conditions on May 6, 2011. *Order Setting Conditions of Release* (ECF No. 19). Petitioner was then committed to the custody of the Attorney General pursuant to an order revoking his pretrial release on September 29, 2011. *Order of Revocation and Detention* (ECF No. 37).

[2] With the ACCA enhancement, the maximum period of supervised release was five years, 18 U.S.C. §§ 3581(b)(1), 3583(b)(1), because the Armed Career Criminal finding made Petitioner's offense a Class A felony with a minimum sentence of 15 years and a maximum sentence of life imprisonment, 18 U.S.C. § 924(e)(1). Without the enhancement, the maximum sentence is ten years, 18 U.S.C. § 924(a)(2), which resulted in a maximum period of supervised release of three years, 18 U.S.C. §§ 3581(b)(3), 3583(b)(2)

The Court concludes that based on the holding of *Johnson*, Petitioner is serving a sentence that violates the Constitution and, therefore, relief under 28 U.S.C. § 2255(a) is warranted. Furthermore, the Court finds that the jointly proposed sentence of 58 months followed by a three-year period of supervised release is an appropriate sentence. Accordingly, the Court grants Petitioner's motion under 28 U.S.C. § 2255, vacates Petitioner's existing sentence, and sentences Petitioner to serve 58 months in prison, followed by a three-year period of supervised release.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2015