UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:11-cr-00156-JAW |
| | ) | |
| MATTHEW LUCAS AYOTTE | ) | |

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

On September 2, 2016, the Court revoked Matthew Lucas Ayotte's supervised release and sentenced him to twenty-four months of imprisonment (consecutive to a term of imprisonment in a Maine state case), a $100 special assessment, and no fine for violating his conditions of release—specifically, by committing new criminal conduct and associating with individuals consuming alcohol. *Revocation J.* (ECF No. 155). On July 10, 2020, Mr. Ayotte filed a pro se motion for compassionate release. *Mot. for Compassionate Release* (ECF No. 178).

Before a defendant may file a motion for compassionate release with a court, § 3582(c)(1)(A) of title 18 requires a defendant to have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . .." Based on the Court's review, there is no evidence on this record that Mr. Ayotte has satisfied the mandatory requirement that he exhaust his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). *See United States v. Lugo*, No. 2:19-cr-00056-JAW, 2020 U.S. Dist. LEXIS 63673, at *6-12 (D. Me. Apr. 10, 2020).

Mr. Ayotte's motion does not mention any attempt to comply with this requirement and he did not separately provide the Court with documentation suggesting he has done so.  Of course, if Mr. Ayotte has in fact met the exhaustion requirement and simply failed to mention it, he may bring this fact to the attention of the Court by filing a timely motion for reconsideration and, if he supplies appropriate documentation of prior compliance, the Court will reconsider its order.

Furthermore, if Mr. Ayotte were to now file an administrative request with the Warden and if the Court were to retain Mr. Ayotte's motion on the docket while the exhaustion requirement is satisfied, there is a significant risk that the Court would be required to dismiss the motion once Mr. Ayotte fulfilled the exhaustion requirement.  *See McNeil v. United States*, 508 U.S. 106 (1993); *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020); *United States v. Cain*, No. 1:16-cr-00103-JAW-1, 2020 U.S. Dist. LEXIS 100807, at *5-8 (D. Me. Jun. 9, 2020).  The Government has, in the Court's experience, been reluctant to waive the exhaustion requirement except in a narrow set of circumstances within which Mr. Ayotte does not currently fit.  *See United States v. Whalen*, No. 1:11-cr-00033-JAW, 2020 WL 3802714, at *7 (D. Me. July 7, 2020).

The Court therefore DISMISSES without prejudice Matthew Lucas Ayotte's Motion for Compassionate Release (ECF No. 178) to allow him to refile, if he chooses to do so, once he has satisfied the exhaustion requirement.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 13th day of July, 2020